UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

        Plaintiff,

v.

JAMES ESSHAKI, individually
and as Trustee of the JAMES
ESSHAKI LIVING TRUST
dated April 25, 1991, as
amended and restated,
PETER SHAMAN, an
individual, and PETER
SHAMAN, M.D. P.C., jointly
and severally,

        Defendants.

_____/

CASE NO. 17-CV-11016
HON. GEORGE CARAM STEEH

**ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 18)**

    Plaintiff Comerica Bank ("Comerica") brought this breach of contract action for failure to repay an Installment Note against defendants James Esshaki, James Esshaki Living Trust dated April 25, 1991 ("Trust"), Peter Shaman, and Peter Shaman, M.D. P.C. ("Shaman P.C.") (collectively "defendants."). Plaintiff alleges that defendants owe $344,558.62 plus interest, late fees, costs and attorney fees. Defendants oppose the motion

on the grounds that discovery has just begun. Upon review of the parties' written submissions, the court determines that no oral argument is necessary pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, Comerica's motion shall be granted.

## II. Background

Comerica loaned money to defendant Peter Shaman under the terms of an Installment Note, and the debt was guaranteed by Shaman, Shaman P.C., Esshaki, and the Trust (collectively "Guarantors"). In their Answer, defendants admit to same. Under the Note, Shaman agreed to pay Comerica $437,382.91 payable in monthly installments of $2,650.45 beginning on June 1, 2011, and continuing until the maturity date of September 15, 2011 when the entire unpaid balance of principal, interest and other sums was due and payable in full. According to the Complaint, defendants failed to pay the indebtedness on the Note when due. Under the terms of the Note, Comerica's record of outstanding debt is "conclusive evidence thereof" and the burden is on defendants to prove that the loan history suffers from "manifest error." (Doc. 18, Ex. A at 1).

In their Answer, defendants admit that the Note was not fully paid at maturity on September 15, 2011. (Doc. 11 at Para. 12). When defendants

2

failed to repay the debt, the parties agreed to a new payment schedule in a Forbearance Agreement executed on June 19, 2012, which was extended three times, under which Comerica agreed to forbear from collection for a period of time. Under the original Forbearance Agreement, Comerica agreed to forbear from collection until September 15, 2012. The First Amended Forbearance Agreement extended Comerica's forbearance to January 15, 2013, the Second Amended Forbearance Agreement extended Comerica's forbearance to June 30, 2015, and the Third Amended Forbearance Agreement extended Comerica's forbearance to July 1, 2017. Comerica alleges that defendants stopped making payments in May, 2016. In their Answer, defendants admit that they did not make all the required payments under the Third Amended Forbearance Agreement. (Doc. 11 at Para. 17).

As part of the Forbearance Agreement and in its subsequent amendments, defendants acknowledged that they were in default on the Note. (Doc. 18, Ex. E, F, G, H). Specifically, the Forbearance Agreement provides: "The Maturity Date of the Note is September 15, 2011, and the Note has not been paid. This is a default under the Note and Loan Documents. The full amount of the Note is and remains immediately payable in full." (Doc. 18, Ex. E at 1). On January 15, 2016, as

consideration for forbearance, each defendant explicitly "acknowledge[d] the Liabilities as set out in the [Note], . . .the existence of the default, and that the Liabilities are immediately due and payable." (Doc. 18, Ex. H at 1).

On January 31, 2017, Comerica notified defendants of their defaults under the Note, the Forbearance Agreement and subsequent amendments, terminating the term of forbearance and demanding full payment. In their Answer, defendants admit that they executed the Forbearance Agreement and its three subsequent extensions, and admit that they failed to make all the monthly payments. (Doc. 11 at Para. 13-17). Comerica filed this lawsuit on March 30, 2017. The discovery cut-off date is January 31, 2018. Comerica filed its motion for summary judgment on July 25, 2017. In support of its motion for summary judgment, Comerica relies on the affidavit of Sarah Miller, Vice President of the Special Assets Group for Comerica who avers that as of July 17, 2017, defendants owe the sum of $344,558.62 in principal, plus accrued interest in the amount of $21,325.93, plus $1,779.09 in late fees, costs, and attorney fees.

## II. Standard of Law

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that th If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## III. Analysis

### A. Loan Documents Enforceable

There is no genuine issue of material fact that the loan documents are enforceable. Under Michigan law, promissory notes and guarantees are "to be construed as ordinary contracts." *31800 Wick Road Holdings, LLC v. Future Lodging-Airport, Inc.*, 848 F. Supp. 2d 757, 763 (E.D. Mich. 2012) (citing *Collateral Liquidation, Inc. v. Renshaw,* 301 Mich. 437, 443 (1942)). The guarantees are enforceable because a "promise to answer for the debt, default, or misdoings of another person" need only be a "memorandum of the agreement . . . in writing and signed with an authorized signature by the party to be charged with the agreement." MCL Sec. 566.132(1)(b). Defendants have admitted to execution of the Loan Documents in their Answer. (Doc. 11 at Para. 8-11, 13-16). Given these admissions, the Loan Documents are enforceable, and the court addresses the question of whether defendants are in default.

### B. Default

Comerica seeks summary judgment because there is no genuine issue of material fact that defendants have defaulted. The Note required that the "entire unpaid balance of principal, interest and all other sums" be

7

paid upon the Maturity Date.  (Doc. 18 at Ex. A at 1).  Failure to make payments when due or upon maturity constituted default.  *Id.* at 3.  In their Answer, defendants admit that the Note was not fully paid upon the Maturity Date of September 15, 2011.  (Doc. 11 at Para. 12).

Moreover, in consideration of each of the Forbearance Agreements, defendants have acknowledged the existence of their default and that the liabilities are immediately due and payable.  Furthermore, in their Answer, defendants admit that they have not made all payments required under the Third Amended Forbearance Agreement, which under the terms of that Agreement, amounts to default.  Specifically, the Agreement provides, "failure to make any payment required under this Agreement shall be default under the Forbearance Agreement."  (Doc. 18, Ex. H at 2).

Defendants' sole response to Comerica's motion for summary judgment is that discovery has just begun and Comerica has not yet responded to their document requests.  Comerica argues that the fact that discovery has just begun is no defense because defendants have not identified a material fact in dispute which would warrant discovery, defendants have not complied with the strictures of Federal Rule of Civil

Procedure 56(d)[1] as they have not filed an affidavit articulating with requisite particularity the discovery sought, and delaying an adjudication on the merits will allow defendants to conceal assets from Comerica, thus rendering their debts uncollectable. In particular, Comerica asserts that it has reason to belief that defendant James Esshaki has transferred assets to one or more trusts that allows him to enjoy the benefit of those assets while protecting those assets from creditors.

Defendants have not complied with the strictures of Rule 56(d) which requires that a non-moving party claiming additional discovery is necessary to respond to a motion for summary judgment must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Here, defendants have not identified, by affidavit or otherwise, any material issue of fact for which additional discovery is necessary.

Defendants argue *Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 926 (6th Cir. 1980) prohibits this court from ruling on a motion for summary judgment until the parties are afforded time to conduct discovery. *Vega* is distinguishable because in that case an issue of fact existed as to

---

[1] Under the 2010 Amendments, Federal Rule of Civil Procedure 56(f) was renumbered as Rule 56(d).

whether the non-moving party had improperly calculated settlement costs, and a discovery dispute was ongoing as to whether the non-moving party had properly refused to answer interrogatories designed to reveal how costs were determined. By contrast, in this case, defendants have not identified any factual issue regarding this straightforward breach of contract case for which additional discovery is necessary.

For the same reason, defendants' reliance on *U.S. v. Var-Ken, Inc.*, 1989 WL 42913, at *3, 875 F.2d 868 (6th Cir. 1989) (table only) is misplaced as a genuine issue of material fact existed in that case as to plaintiff's fraud claims, and the information sought was exclusively in the movant's possession. Also, in that case, the government supported its request for additional discovery to respond to defendant's motion for summary judgment by affidavit. *Id.* By contrast, in this case, defendants have failed to identify any genuine issue of material fact for which additional discovery is warranted, and have failed to submit an affidavit in support of their request for additional discovery.

In *Cunningham v. Osram Sylvania, Inc.*, 221 F. App'x 420, 423 (6th Cir. 2007)), the Sixth Circuit explained that a court need not delay adjudication of a summary judgment motion to afford the parties additional time for discovery, where the non-moving party fails to submit an affidavit,

as required by Rule 56(d) (formerly Rule 56(f)), which sets forth "a description of the information needed and an affirmative demonstration of how the requested discovery will permit the non-moving party to rebut the grounds alleged for summary judgment." *Id.* (citing *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)). Defendants have failed to submit an affidavit, or even to make any argument in their response brief, identifying the proofs they intend to develop during discovery which would assist them in responding to Comerica's motion for summary judgment. The evidence is unrefuted that Shaman executed the Note, the Guarantors guaranteed the Note, and that defendants defaulted.

The court has carefully examined defendants' Answer and does not find that the affirmative defenses alleged, such as a claim this court lacks subject matter jurisdiction or that the interest rate is usurious, support a finding that any factual issues exist over defendants' obligation to pay the debt owing which would warrant extending the discovery period here and delaying adjudication of the instant motion.

Moreover, given the conclusion that defendants are in default, and because there are concerns that defendants may be moving assets to shield them from creditors, judgment shall enter forthwith.

11

**C. Attorney Fees**

Defendants agreed "to reimburse Bank . . . for any and all costs and expenses . . . including court costs, legal expenses and reasonable attorneys' fees" that Comerica "incurred in collecting or attempting to collect this Note or the Indebtedness." (Doc. 18, Ex. A at 3). Contractual provisions for payment of reasonable attorneys' fees are generally enforceable under Michigan law. *Sentry Ins. A Mutual Co., v. Lardner Elevator Co.*, 153 Mich. App. 317, 326 (1986). Based on the express provision in the Note authorizing the award of attorneys' fees incurred in collecting the Note, Comerica is entitled to reasonable attorneys' fees here.

## IV. Conclusion

For the reasons set forth above, Comerica's motion for summary judgment (Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that defendants, jointly and severally, owe Comerica the sum of $344,558.62 in principal, plus accrued interest in the amount of $21,325.93 as of July 17, 2017, plus $1,779.09 in late fees,

plus costs and attorney fees.  Interest continues to accrue.

**IT IS SO ORDERED.**

Dated:  September 7, 2017

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys  
of record on September 7, 2017,  
by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk