UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

       Plaintiff,

v.

       CASE NO. 17-CV-11016
       HON. GEORGE CARAM STEEH

JAMES ESSHAKI, individually and
as Trustee of the JAMES ESSHAKI
LIVING TRUST dated April 25, 1991,
as amended and restated, PETER
SHAMAN, an individual, and PETER
SHAMAN, M.D. P.C., jointly and
severally,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR ATTORNEY FEES (Doc. 28)**

Plaintiff Comerica Bank ("Comerica") brought this breach of contract action for failure to repay an Installment Note against defendants James Esshaki, James Esshaki Living Trust dated April 25, 1991 ("Trust"), Peter Shaman, and Peter Shaman, M.D. P.C. ("Shaman P.C.") (collectively "Defendants."). On September 7, 2017, this court granted Plaintiff's motion for summary judgment and entered judgment in the amount of $344,558.62 in principal, accrued interest in the amount of $21,325.93, and $1,779.09

- 1 -

in late fees, plus costs and attorney fees. Now before the court is Plaintiff's unopposed motion for approval of attorney's fees and costs. Plaintiff has submitted the affidavit of the lead attorney on this matter, Steven A. Roach, an equity partner at the law firm of Miller Canfield Paddock and Stone ("Miller Canfield"), and the billing records for himself and two other attorneys from his firm, Christopher A. Knight, an associate, and Nelson O. Ropke, a junior principal, who also worked on this matter. Plaintiff seeks total fees in the amount of $17,665.00, and costs in the amount of $601.80, reduced by $493.11 for reimbursements already paid by Defendants, for a total of $17,773.69.

## II. Standard of Law

Because the court's jurisdiction was based on diversity, and the underlying breach of contract claim is governed by Michigan law, the court follows the methodology outlined in *Pirgu v. United Serv. Auto. Ass'n*, 499 Mich. 269 (2016) to determine attorney fees. The first step in determining an award of attorney fees is to determine the reasonable hourly rate customarily charged in the locality for similar services. *Pirgu*, 499 Mich. at 281. The second step is multiplying "that rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Id.* Once the court arrives at this figure, referred to as the lodestar amount, the court

considers the non-exhaustive list of eight factors identified by the Michigan Supreme Court in *Pirgu*:

>(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
>(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
>(3) the amount in question and the results obtained,
>
>(4) the expenses incurred,
>
>(5) the nature and length of the professional relationship with the client,
>
>(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
>(7) the time limitations imposed by the client or by the circumstances, and
>
>(8) whether the fee is fixed or contingent.

*Id.* at 282.

### III. Analysis

**1.  The Hourly Billing Rates**

The court first considers the hourly billing rate. Roach's billing rate ranged from $420 in 2012 to $525 in 2017. Ropke's rate in this matter has been $405. Knight's rate has been $280. These amounts are consistent with those for customarily charged in the locality for similar services based

on the *2014 Economics of the Law Practice Attorney Income and Billing Rate Summary Report* published by the State Bar of Michigan. This court finds Plaintiff's reliance on the Summary Report to be appropriate as "Michigan federal courts routinely use this publication as evidence of reasonableness in determining attorney's fees." *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011). Having found that the rates billed are appropriate, the court uses the hourly rates submitted in determining the fee award.

**2. The Hours Worked**

Next, the court considers the reasonable hours billed in order to arrive at the lodestar amount. Roach has worked 15.10 hours on this matter as of August 31, 2017 for a total fee of $7,509.50. Ropke has worked 3.30 hours as of August 31, 2017 for a total fee of $1,336.50. Knight has worked 23.10 hours as of August 31, 2017 for a total fee of $6,440.00. The court has reviewed the billing records submitted and finds that they are reasonable and that the lodestar amounts submitted are appropriate. Accordingly, the proper lodestar amount is $15,286.

Plaintiff seeks $17,665 in total fees. Based on the billing records submitted, this includes fees incurred by Jose Bartolemei, for 7.8 hours of work performed in 2012 at an hourly rate of $305 for a total of $2,379. But

Plaintiff's affidavit in support of its motion for attorney fees makes no mention of Bartolemei. Neither is he identified in Plaintiff's brief in support of its motion for attorney fees. Accordingly, the court does not award fees for work performed by Bartolemei.

### 3. The *Pirgu* Factors

Having calculated the lodestar amount, the court considers the eight factors identified by the Michigan Supreme Court in *Pirgu*. First, the court considers the experience, reputation, and ability of the lawyer or lawyers performing the services. Roach is an equity partner with a large prominent Detroit law firm with over 30 years of commercial transaction and litigation experience. According to his affidavit, he is a recognized expert in assisting bank and other creditors in recovering value from distressed loans, including via restructurings. Similarly, Ropke is a principal at Miller Canfield. He graduated *cum laude* from the University of Notre Dame Law School in 2003. His practice is national in scope, and he is admitted to practice in Michigan, Iowa, and Nebraska. Also, Knight, an associate at Miller Canfield, is a 2015 graduate of the University of Virginia School of Law. Prior to joining the law firm's commercial litigation group in 2016, Knight worked as a law clerk to the Honorable Gershwin Drain. Given these impressive credentials, the

court finds that the hourly billing rates charged by these attorneys were appropriate.

Next, the court considers the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly. This was not a difficult case. The matter was decided on Plaintiff's motion for summary judgment before any discovery was conducted. But the hours charged given the straightforward nature of the suit were reasonable. Plaintiff's counsel focused on getting to a judgment quickly, and thus the time spent on the case was modest.

The court also considers the amount in question and the results obtained. Plaintiff recovered the total amount in dispute and received a judgment in the amount of $344,558.62 in principal, plus accrued interest in the amount of $21,325.93, and $1,779.09 in late fees. The expenses incurred were not significant and appear reasonable. Also, Comerica has been Miller Canfield's client for over 160 years. Whether or not it would have been apparent to Comerica, that acceptance of the particular employment will preclude other employment by the lawyer, is not a factor in the court's determination here. Likewise, any time limitations imposed by the client or by the circumstances do not appear to have been a factor in the fees incurred. Finally, the fee is fixed. In total, consideration of the eight *Pirgu*

factors supports the conclusion that the lodestar amount is the appropriate attorney fee award.

### IV. Conclusion

In sum, having carefully reviewed Roach's affidavit and the billing records submitted, and having considered all of the *Pirgu* factors, Plaintiff's motion for attorney fees (Doc. 28) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is awarded attorney fees in the amount of $15,286, and costs in the amount of $601.80, reduced by $493.11 for reimbursements already paid by Defendants, for a total of $15,394.69.

**IT IS SO ORDERED.**

Dated: December 21, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 21, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk