UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

       Plaintiff,                      No. 17-11016

v.                                  District Judge George Caram Steeh
                                    Magistrate Judge R. Steven Whalen

JAMES ESSHAKI, ET AL.,

       Defendants.
                                 /

**OPINION AND ORDER**

Before the Court is Plaintiff's Renewed Ex Parte Motion for Orders Prohibiting Transfer of Assets and Compelling Creditor's Examinations [Doc. #64], which was referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A). For the reasons and under the terms set forth below, the motion is GRANTED.

**I.    FACTS**

The Defendants are signators and guarantors of loans from Plaintiff Comerica Bank. They defaulted on these obligations; Plaintiff filed breach of contract claims, and on September 7, 2017, the Court entered judgment against the Defendants, jointly and severally, in the amount of $344,558.62, plus accrued interest in the amount of $21,325.93 as of July 17, 2017, plus $1,779.09 in late fees, plus costs and attorney fees.

The full amount of the judgment is unsatisfied. James Esshaki appeared for a creditor's exam on December 1, 2017, but Plaintiff terminated that proceeding, claiming that Mr. Esshaki "repeatedly and without merit objected to answering basic questions about his financial situation...."

Plaintiff now seeks an order compelling the continuation of a creditor's exam, to be held in the United States Courthouse under judicial supervision, and to prohibit the transfer of non-exempt assets.

## II. LEGAL PRINCIPLES RE: POST-JUDGMENT PROCEEDINGS

Under Fed.R.Civ.P. 69(a)(1), "[a] money judgment is enforced by a writ of execution." Further, "[t]he procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located." *Id*. Michigan law provides the mechanisms to enforce monetary judgments. *See* M.C.R. 2.6 21 ("When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action...obtain relief supplementary to judgment under MCL 600.6101–600.6143." "[T]he scope of postjudgment discovery is very broad." *Unites States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007), quoting *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Fed.R.Civ.P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person- including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."

The statutory provisions incorporated in M.C.R. 2.621(2) give the court an expansive range of authority. Under M.C.L. § 6104(1), a court may compel discovery of any property of the judgment debtor or any property due or held in trust for the debtor. Under subsection (2) of that statute, a court may "[p]revent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor." Under M.C.L. § 600.6110(1), a court can order the judgment debtor to "appear at a specified time and place" for a creditor's examination. A judgment creditor is entitled to "a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l,*

*Inc.,* 160 F.3d 428, 430–31 (8th Cir.1998) (quoting *Caisson Corp. v. County West Bldg. Corp.,* 62 F.R.D. 331, 335 (E.D.Pa.1974)), and "the presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Id*.

Under M.C.L. § 600.6116(1), a court may, as part of an order for a creditor's examination, restrain the judgment debtor from transferring nonexempt property:[1]

> "An order for examination of a judgment debtor may contain a provision restraining the judgment debtor from making or suffering any transfer or other disposition of, or interference with any of his property, then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the judgment, until further direction in the premises, and such other provisions as the court may deem proper."

### III. DISCUSSION

I have granted a similar motion that Plaintiff Comerica filed in E.D. Mich. Docket No. 17-11019. That case has since been designated a companion case, and both it and the present case are now assigned to Judge Steeh. Defendants in this case raise similar objections to those raised in No. 17-11019, which I reject for similar reasons.

First, they argue that the relief requested is overly broad, and does not account for payment of the Esshaki's ordinary living expenses. However, as I noted in the companion case, and as discussed in the preceding section, the Court's powers to enforce a judgment and to fashion discovery are extremely broad. In addition, an order under M.C.L. § 600.6116(1) restraining the transfer of property is limited to *nonexempt* property. Defendants have made no proffer that their nonexempt property is insufficient to meet their ordinary living expenses. I also note that while Defendants opine that "[t]he common practice in Michigan state courts is to allow such ordinary course exceptions

---

[1] Under M.C.L. § 600.6116(2), the duration of the restraint on transferring property is two years.

when a transfer restraint order is entered," they cite no authority for that proposition. This objection is without merit.

Defendants also object that the Plaintiff's document requests are "overbroad and unduly burdensome," and includes information from corporate and other entities that are not themselves judgment debtors. However, discovery as to non-parties is appropriate where "the relationship between [the judgment debtor and the non-party] is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Id.,* 160 F.3d at 431 (quoting *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 562 (S.D.N.Y.1977)). *See also Mountain Dudes, LLC v. Split Rock, Inc*. 2013 WL 5435707, *3 (D.Utah 2013) ("[I]n order to successfully move for discovery against a nonparty the movant need not prove conclusively that the nonparty is an extension of the judgment debtor, but need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two."); *Scioto Constr., Inc. v. Morris*, 2007 WL 108906, *2 (E.D. Tenn. 2007) "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor" (internal citations omitted); *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 2012 WL 4757940, *2 (E.D. Mich. 2012)(judgment creditor entitled "to obtain information from parties and non-parties alike, including information about...assets that have been fraudulently transferred.").

Defendants object to the time frame for the production of documents and, presumably, for the creditor's examination, stating that they should be given at least 30 days to produce any additional documents. I agree that additional time is indicated. The Court will order that Defendants produce any additional documents that have been

requested within 21 days of the date of this Order.

Further, while I am ordering the creditor's examinations to go forward, the parties and their counsel will coordinate these examinations with those that have been ordered in Docket No. 17-11019. As I indicated in my order in that case, I anticipate that the attorneys will work together cooperatively to complete the production of documents and schedule the examinations in a timely and efficient manner.

Finally, Defendants object to the creditor's examinations taking place in the United States Courthouse. I agree. The examinations will instead take place either at Defendants' counsel's office or Plaintiff's counsel's office. Counsel are aware that Defendants will answer all questions that concern non-privileged matters, subject to objections. If a privilege is asserted, the parties can, as an initial matter, telephone the undersigned Magistrate Judge for a ruling, or, if the matter cannot be resolved on the spot, file an appropriate motion.[2]

Accordingly, Plaintiff's Motion for Orders Prohibiting Transfer of Assets and Compelling Creditor's Examinations [Doc. #64] is GRANTED under the terms set forth above.

Plaintiff will submit to the Court proposed Orders Restraining Transfer of Assets consistent with the terms set forth in Exhibits D-1 and D-2 to its motion, and consistent with M.C.L. § 600.6116.

---

[2] Privilege objections which are not made in good faith, are made for purposes of obstruction, or which are clearly without merit, may result in sanctions.

Defendants will produce the documents requested by Plaintiff, and appear for creditor's examinations under the terms discussed above.

IT IS SO ORDERED.

Dated: June 11, 2018

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on June 11, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 11, 2018.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen